1   Drew R. Hansen, Esq. (State Bar No. 218382)
    dhansen@tocounsel.com
2   Suzanne Cate Jones, Esq. (State Bar No. 157496)
    sjones@tocounsel.com
3   Kenneth E. Johnson, Esq. (State Bar No. 115814)
    kjohnson@tocounsel.com
4   THEODORA ORINGHER PC
    535 Anton Boulevard, Ninth Floor
5   Costa Mesa, California  92626-7109
    Telephone: (714) 549-6200
6   Facsimile: (714) 549-6201

7   Attorneys for Defendants
    CENTRAL REFRIGERATED SERVICE,
8   INC., CENTRAL LEASING, INC., JON
    ISAACSON, and JERRY MOYES
9

10

11

12                  **UNITED STATES DISTRICT COURT**

13      **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

14

15   GABRIEL CILLUFFO, KEVIN              Case No. ED CV 12-00886 VAP (OPx)
     SHIRE, and BRYAN RATTERREE
16   individually and behalf of all other  Honorable Virginia A. Phillips
     similarly situated persons,
17                                        **DEFENDANTS' REPLY IN**
                Plaintiffs,               **SUPPORT OF MOTION TO**
18                                        **CERTIFY INTERLOCUTORY**
          vs.                             **APPEAL**
19
     CENTRAL REFRIGERATED               [Filed concurrently with Supplemental
20   SERVICES, INC., CENTRAL           Declaration of Drew R. Hansen]
     LEASING, INC., JON ISAACSON,
21   and JERRY MOYES,                    Date:   February 4, 2013
                                         Time:   2:00 p.m.
22              Defendants.              Crtrm:  2

23                                       Date Action Filed:  June 1, 2012

24

25

26

27

28



# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................. 1

II. THE COURT'S NOVEMBER 8 AND DECEMBER 13, 2012 RULINGS REQUIRING COLLECTIVE ARBITRATION ARE APPROPRIATE FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) ........ 2

    A.  The Motion Is Timely And Properly Filed ............................. 2

        1.  *Defendants Sought Relief As Soon As the Court First Created The Two-Track Arbitration Procedure* ......................... 2

        2.  *It Is Plaintiffs Who Delayed The Resolution Of This Matter* ........ 3

        3.  *None Of Plaintiffs' Authority Addresses The Present Circumstances* ................................................................. 4

    B.  The Court's Interpretation Of The Parties' Arbitration Agreement Involves A Controlling Question Of Law ........................... 5

    C.  There Is Substantial Ground For Difference Of Opinion Regarding Whether A Collective Action Is Permitted .......................... 7

    D.  Resolving Whether Litigation Must Proceed On Two Tracks Will Materially Advance The Litigation .................................. 10

III. DEFENDANTS' REQUEST TO CERTIFY AN INTERLOCUTORY APPEAL OF THE FAA EXEMPTION ISSUE SHOULD BE GRANTED ................................................................................. 11

IV. CONCLUSION ................................................................................ 12

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

# TABLE OF AUTHORITIES

**CASES**

*Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.,*
2010 WL 952273, *4 (D. Or. Mar. 10, 2010) ........................................6

*D'Antuono v. Service Road Corp.,*
2011 WL 2222313, *1 (D. Conn. June 7, 2011) ..............................6, 10

*DeLock v. Securitas Security Services USA, Inc.,*
2012 WL 3150391, *7 (E.D. Ark. Aug. 1, 2012)..........................6, 7, 11

*Espenscheid v. Direct Sat USA, LLC,*
688 F. 3d 872 (7th Cir. 2012) ...............................................................9

*Ferrell v. ConocoPhillips Pipe Line Co.,*
2010 WL 1946896 (C.D. Cal. 2010) ......................................................9

*Hoffman v. Citibank (South Dakota), N.A.,*
546 F.3d 1078 (9th Cir. 2008) ...............................................................7

*Hulmes v. Honda Motor Co., Ltd.,*
936 F. Supp. 195 (D. N.J. 1996) ............................................................6

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.,*
212 F. Supp. 2d 903 (S.D. Ind. 2002) ....................................................6

*In re St. Johnsbury Trucking Co.,*
186 B.R. 53 (D. Vt. 1995) ......................................................................6

*In re Van Dusen*
654 F.3d 838 (9th Cir. 2011) ...............................................................12

*Keystone Tobacco Co., Inc. v. United States Tobacco Co.,*
217 F.R.D. 235 (D. D.C. 2003) ..............................................................6

*Lindley v. Life Investors Ins. Co.,*
2010 WL 2465515, *2 (N.D. Okla. June 1, 2010) .................................4

*Lopez v. Ace Cash Express, Inc.*
2012 WL 1655720 (C.D.Cal. May 4, 2012) ...........................................8

*Lopez v. Youngblood,*
2009 WL 2062883, *4 (E.D. Cal. July 15, 2009).................................5

*Morton College Board of Trustees v. Town of Cicero,*
25 F. Supp. 2d 882 (N.D. Ill. 1998).......................................................4

*North Carolina ex rel. Long v. Alexander & Alexander Services, Inc.,*
685 F. Supp. 114 (E.D. N.C. 1988) ........................................................6

THEODORA ⬤ ORINGHER
COUNSELORS AT LAW

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

THEODORA ◯ ORINGHER
COUNSELORS AT LAW

*Oliner v. Kontrabecki,*
   305 B.R. 510 (N.D. Cal. 2004) ....................................................................6

*Porter v. MC Equities, LLC,*
   2012 WL 3778973, *4-*5 (N.D. Ohio Aug. 30, 2012.) ...............................8

*Reed v. Florida Metropolitan University, Inc.,*
   681 F.3d 630 (5th Cir. 2012) ...........................................................8, 9, 10

*Reese v. BP Exploration (Alaska), Inc.,*
   643 F.3d 681 (9th Cir. 2011) .......................................................................7

*SEC v. First Jersey Sec., Inc.,*
   587 F. Supp. 535 (S.D. N.Y. 1984) ............................................................6

*Spears v. Washington Mut. Bank FA,*
   2010 WL 54755, *1-2 (N.D. Cal. Jan. 8, 2010) ..........................................4

*Van Dusen v. Swift Transp. Co.,*
   2011 WL 3924831, *1-*3 (D. Ariz. Sept. 7, 2011) ...................................12

*Wallis v. Centennial Ins. Co.,*
   2012 WL 1552766, *2 (E.D. Cal. May 1, 2012) ..........................................4

*Weir v. Propst,*
   915 F.2d 283 (7th Cir. 1990) .......................................................................5

*Wilkie v. Gentiva Health Services, Inc.,*
   2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) .............................................9

## STATUTES

28 U.S.C. §1292(b) ...........................................................................1, 2, 3, 10

Utah Code Ann. § 78B-11-111(3) ...........................................................8

## RULES

Local Rule 7-3 .........................................................................................2, 3, 5

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

# I. **INTRODUCTION**

Plaintiffs' Opposition is most notable for what it does not say.  The Opposition entirely ignores the central point of Defendants' Motion, namely, that imposing a two-track arbitration procedure on the parties violates the fundamental principle embedded in both Utah and Federal law that arbitration is a matter of contract, and parties cannot be compelled to arbitrate disputes in a manner they never contemplated.  Plaintiffs do not address this bedrock issue because they cannot.  Plaintiffs cannot cite anything in the parties' agreements that even remotely suggests that the parties intended to engage in two simultaneous sets of arbitrations, with their attendant expense, burden and possibility of inconsistent rulings.

Instead of addressing the critical issue raised in Defendants' Motion, Plaintiffs mechanically (and misleadingly) tick off the criteria for certifying interlocutory appeals without placing those criteria in the context of the policies and purposes they serve.  Plaintiffs first argue that Defendants' Motion is untimely, even while conceding that there is no specified time limit for seeking certification.  That argument should be rejected, because the record demonstrates that Defendants moved promptly, diligently, and expeditiously to seek relief as soon as the Court first indicated that it intended to require a dual-track arbitration procedure.

Plaintiffs also fail to effectively rebut Defendants' showing that the requirements of Section 1292(b) are satisfied.  As demonstrated in Defendants' moving papers, interlocutory appeals from orders compelling arbitration are appropriate, because they present issues of pure law, unrelated to the merits of the underlying dispute.  In a case like this, it makes far more sense to resolve disputed legal issues arising from the arbitration agreement at the outset, before spending substantial time and money to arbitrate the merits of the dispute.  Plaintiffs' arguments to the contrary do not provide grounds to deny Defendants' Motion.

//

//

II.   **THE COURT'S NOVEMBER 8 AND DECEMBER 13, 2012 RULINGS REQUIRING COLLECTIVE ARBITRATION ARE APPROPRIATE FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

   A.   **The Motion Is Timely And Properly Filed**

   Plaintiffs acknowledge that "there is no specified time limit for seeking certification . . ." (Opposition at 6.)  Nonetheless, Plaintiffs argue that this Motion is untimely, relying upon cases which are readily distinguishable on their facts.

   1.   ***Defendants Sought Relief As Soon As the Court First Created The Two-Track Arbitration Procedure***

   The record demonstrates that Defendants have been diligent and moved promptly in seeking appellate review.  The Court *first* ruled that a "collective" arbitration was authorized in its November 8, 2012 Order, which was issued without oral argument and without any pending motion for reconsideration.  (Docket No. 61.)  *The very next day*, Defendants advised Plaintiffs' counsel of their intention to file an *ex parte* application to shorten time to hear a motion for reconsideration, and by requesting a pre-filing conference as mandated by Local Rule 7-3. (Supplemental Declaration of Drew R. Hansen In Support of Motion for Interlocutory Certification ("Suppl. Hansen Decl."), ¶ 8, Ex. D.)

   Defendants filed their contemplated *ex parte* application on November 16, 2012, expressly stating that they intended to preserve their right to appellate review, by requesting a hearing on the motion for reconsideration within 30 days of the Court's November 8 Order.  (Docket No. 64.)  Plaintiffs opposed Defendants' request to shorten time.  (Docket No. 66.)  Plaintiffs also complained that Defendants filed their reconsideration motion too quickly, taking the position that the 10 day waiting period mandated by Local Rule 7-3 required Defendants to wait until November 23 before filing their motion.  (Docket No. 71.) This Court denied Defendants' *ex parte* application on December 4, 2012, finding that Defendants had no right of appeal from the November 8 Order.  (Docket No. 76.)

THEODORA ORINGHER
COUNSELORS AT LAW

1      Then, on December 13, 2012, this Court denied Defendants' motion for

2 reconsideration, without a hearing.  (Docket No. 77.)  Defendants advised Plaintiffs'

3 counsel, the same day, of their intention to file the instant Motion, to certify an

4 immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and concluded the

5 required meeting of counsel on December 14, 2012.  (Suppl. Hansen Decl., ¶ 12.)

6 Therefore, under Local Rule 7-3, this Motion could not have been filed until

7 December 24, 2012, at the earliest.

8            **2.**      *It Is Plaintiffs Who Delayed The Resolution Of This Matter*

9      Instead of facilitating a quick resolution of the issues in dispute, Plaintiffs

10 have consistently opposed Defendants every step of the way.  When Defendants

11 moved to compel arbitration "on an individual basis" on July 16, 2012, Plaintiffs

12 requested an extension of time to oppose the motion, and Defendants graciously

13 stipulated to that request.  (Suppl. Hansen Decl., ¶¶ 2-4; Docket No. 33.)

14      The Court then issued its initial ruling on Defendants' motion to compel

15 arbitration on September 24, 2012.  (Docket No. 53.)  In response, Plaintiffs failed

16 to initiate any arbitration proceedings for more than two months.  (Suppl. Hansen

17 Decl., ¶ 5.)  Plaintiffs waited to pursue arbitration because, just like Defendants,

18 Plaintiffs believed that the Court's September 24, 2012 ruling mandated individual

19 arbitrations.  (See Docket No. 83 (Declaration of Drew R. Hansen in Support of

20 Motion to Certify Interlocutory Appeal), ¶ 2 Ex. A.)  In fact, Plaintiffs' counsel

21 informed Defendants' counsel on October 1 and 2, 2012 that Plaintiffs planned to

22 seek interlocutory certification of the Court's September 24, 2012 ruling.  (Suppl.

23 Hansen Decl., ¶¶ 6-7, Exs. B and C.)

24      Without any hearing or motion pending, the Court clarified its arbitration

25 ruling on November 8, (see Docket No. 61), and Defendants promptly moved for

26 reconsideration of that decision on November 19, (see Docket No. 69.)  Defendants

27 also filed an *ex parte* application on November 16 to have their reconsideration

28 motion heard on shortened notice, which Plaintiffs opposed.  (Docket Nos. 64 and

THEODORA ORINGHER
COUNSELORS AT LAW

1   66.)  Plaintiffs further opposed Defendants' motion for reconsideration by arguing

2   that Defendants filed their motion for reconsideration too soon.  (Docket No. 71.)

3       The reconsideration motion was then denied on December 13, (see Docket

4   No. 77), and Defendants immediately met and conferred regarding this Motion, (see

5   Suppl. Hansen Decl., ¶¶ 12-13.)  When defense counsel informed Plaintiffs that they

6   hoped to file the present Motion by December 24, Plaintiffs' counsel indicated that

7   they did not want to have their opposition due on December 31 and Defendants

8   agreed to postpone their filing until the end of December.  (*Id.* at ¶¶ 13-14, Exs. E

9   and F.) The holidays then intervened and the Motion was filed on January 3, 2013, a

10  mere three weeks after the reconsideration motion was denied.  (*Id.* at ¶ 15.)

11      Having delayed this case on numerous occasions, it is inconsistent for

12  Plaintiffs to now contend that Defendants are somehow guilty of delay.

13      **3.    *None   Of   Plaintiffs'   Authority   Addresses   The   Present***

14          ***Circumstances***

15      The cases cited by Plaintiffs all involve circumstances where the party

16  seeking interlocutory appeal did nothing for several months between the date of the

17  order for which review was sought, and the date of filing the certification motion.[1]

18  _____

19  [1]  For example, *Spears v. Washington Mut. Bank FA*, 2010 WL 54755, *1-2 (N.D. Cal.

20  Jan. 8, 2010) involved a case where there was no litigation activity at all to challenge

21  the correctness of the district court's order for a period of 2 ½ months following the

    order.  The same is true in all of the cases cited in the Opposition.  *E.g.*, *Wallis v.*

22  *Centennial Ins. Co.*, 2012 WL 1552766, *2 (E.D. Cal. May 1, 2012) (no litigation

23  activity for 3 months following challenged order); *Lindley v. Life Investors Ins. Co.*,

    2010 WL 2465515, *2 (N.D. Okla. June 1, 2010) (no action taken to challenge district

24  court's order for 2 ½ months after entry; only intervening activity were discovery

25  disputes unrelated to challenged ruling); *Morton College Board of Trustees v. Town of*

    *Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (court rejected explanation that failure

26  to act faster resulted from time demands upon counsel in other lawsuits).  In one

27  decision, the district court found that the certification motion was timely, when filed

    nearly 2 months after the challenged ruling, and also granted the motion for

28  (footnote continued)

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

THEODORA ORINGHER
COUNSELORS AT LAW

1  Each of these decisions can be readily distinguished on their facts.[2]  As explained

2  above, the record here shows that Defendants acted promptly, and diligently,

3  consistent with the meet and confer process and waiting period imposed by Local

4  Rule 7-3.  The record also shows that it is the Defendants who sought to expedite

5  this process, by filing an *ex parte* application to shorten time on their motion for

6  reconsideration, immediately moving for reconsideration, and then expeditiously

7  moving for interlocutory certification once their reconsideration motion was denied.

8  Accordingly, the Court should reject Plaintiffs' timeliness argument.

9  **B.      The Court's Interpretation Of The Parties' Arbitration Agreement**

10  **Involves A Controlling Question Of Law**

11       Plaintiffs do not dispute the proposition that an interlocutory appeal is

12  particularly appropriate when the controlling question is a "'pure' question of law."

13  (Opposition at 10.)  They instead argue that the question of whether the agreement

14  impliedly permits collective arbitration, in the face of the express prohibition of

15  "consolidated or class arbitrations," is a "mixed question of fact and law" rather than

16  a "pure" question of law.  Plaintiffs' argument is wrong, and should be rejected.

---

18  certification of an interlocutory appeal. *Lopez v. Youngblood*, 2009 WL 2062883, *4
19  (E.D. Cal. July 15, 2009).

20  [2] Plaintiffs also rely upon *Weir v. Propst*, 915 F.2d 283 (7th Cir. 1990), where the
    Seventh Circuit refused to consider an interlocutory appeal from an order denying
21  reconsideration of an earlier district court order. *Weir*, which addressed whether certain
22  defendants were protected by qualified immunity, is unrelated to the substantive issues
    presented in this case. *Id*. at 285.  It is also distinguishable because the district court's
23  original order could have been appealed, as a matter of right, yet the defendants in that
24  case failed to do so within the 30 day period permitted. *Id*. at 286.  In the present case,
    however, this Court previously concluded that Defendants did *not* have a right of
25  appeal from the November 8, 2012 Order. (See Docket No. 76.)  Finally, as explained
26  above, the record of this case shows that Defendants moved promptly and diligently to
    file this Motion, after the Court ruled that Defendants could not appeal as a matter of
27  right, and after the Court denied Defendants' motion for reconsideration.

THEODORA ORINGHER
COUNSELORS AT LAW

1      This Court's interpretation of the written arbitration agreement presents a

2  pure question of law. *DeLock v. Securitas Security Services USA, Inc.*, 2012 WL

3  3150391, *7 (E.D. Ark. Aug. 1, 2012) (certifying appeal from decision to enforce

4  class action waiver in arbitration agreement because it presents "a pure legal

5  question"); *D'Antuono v. Service Road Corp.*, 2011 WL 2222313, *1 (D. Conn. June

6  7, 2011) (certifying interlocutory appeal from order compelling arbitration of FLSA

7  claims, on an individual basis, because "the controlling *and purely legal question* of

8  whether that arbitration agreement is enforceable . . . is a novel one") (emphasis

9  added.)  Plaintiffs ignore these decisions in claiming that a mixed question of law

10  and fact exists, even though they were cited in the moving papers and involve

11  closely analogous cases.

12      Instead, Plaintiffs' Opposition relies upon inapposite cases which are

13  unrelated to the enforcement of arbitration agreements.[3]  (Opposition at 10-11.)  Not

14  one of the cases cited by Plaintiffs involves enforcement of an arbitration

15  agreement, much less the issue of whether individual arbitration is required.  By

16  _____

17  [3]  *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*, 2010 WL 952273,

18  *4 (D. Or. Mar. 10, 2010) (denial of summary judgment in health care provider payment dispute); *Oliner v. Kontrabecki*, 305 B.R. 510, 513 (N.D. Cal. 2004) (coercive

19  contempt sanctions imposed by Bankruptcy Court); *Keystone Tobacco Co., Inc. v.*

20  *United States Tobacco Co.*, 217 F.R.D. 235, 236 (D. D.C. 2003) (denial of emergency motion to prohibit defendant from conducting settlement discussions with putative class

21  members prior to class certification); *In re Bridgestone/Firestone, Inc. Tires Prods.*

22  *Liab. Litig.*, 212 F. Supp. 2d 903, 905 (S.D. Ind. 2002) (denial of motion to dismiss on grounds of forum non conveniens); *Hulmes v. Honda Motor Co., Ltd.*, 936 F. Supp.

23  195, 207 (D. N.J. 1996) (denial of plaintiff's motion in limine to exclude certain

24  evidence at trial); *In re St. Johnsbury Trucking Co.*, 186 B.R. 53, 54 (D. Vt. 1995) (discovery order compelling *in camera* review of allegedly privileged documents);

25  *North Carolina ex rel. Long v. Alexander & Alexander Services, Inc.*, 685 F. Supp. 114,

26  115 (E.D. N.C. 1988) (exercising personal jurisdiction over defendant under state "long arm" statute); *SEC v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D. N.Y. 1984)

27  (denial of motion to dismiss defendant's affirmative defense).

28

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

THEODORA ORINGHER
COUNSELORS AT LAW

1   contrast, Defendants' Motion cites cases directly on point confirming that the

2   Court's interpretation of the arbitration agreement is a "pure law" question uniquely

3   suited for certification of an interlocutory appeal.

4       Plaintiffs cannot avoid this result by arguing that the doctrine of *expressio*

5   *unius* applies.  (Opposition at 12.)  This Court's interpretation of the arbitration

6   agreement was based upon the language of the contract, and is thus subject to *de*

7   *novo* review by the Ninth Circuit.  *Hoffman v. Citibank (South Dakota), N.A.*, 546

8   F.3d 1078, 1082 (9th Cir. 2008) (district court's order compelling arbitration is

9   subject to *de novo* review on interlocutory appeal.)  No witnesses testified at the

10  arbitration hearing regarding the intention of the parties, let alone whether a

11  collective action was contemplated, and thus no credibility determinations were or

12  could have been made.  Under these circumstances, an issue of "pure law" is

13  presented, readily amenable to review by the Court of Appeals.  *DeLock, supra*,

14  2012 WL 3150391 at *7 (certifying interlocutory appeal from order compelling

15  arbitration where "[n]o facts are disputed" and "[t]he efficacy of the class-action

16  waiver is not a discretionary decision".)

17  ## C.   There Is Substantial Ground For Difference Of Opinion Regarding

18  ## Whether A Collective Action Is Permitted

19      Not surprisingly, Plaintiffs argue that this Court correctly interpreted the

20  arbitration agreements to allow "collective" arbitration.  (Opposition at 13-21.)  But

21  that is not the relevant issue.  Certification of an immediate appeal is proper where

22  "there is substantial ground for difference of opinion," even when the Court (as well

23  as the prevailing party) are convinced they are correct.

24      As argued in the moving papers, "a novel issue may be certified for

25  interlocutory appeal without first awaiting development of contradictory precedent."

26  *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  There

27  should be little doubt here that this is a novel issue, as reflected in recent U.S.

28  Supreme Court decisions, as well as cases where the U.S. Supreme Court recently

THEODORA ORINGHER
COUNSELORS AT LAW

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

THEODORA ORINGHER
COUNSELORS AT LAW

1   granted certiorari, as cited in the moving papers.

2       Plaintiffs also attempt to distinguish, unconvincingly, the decision in *Porter v.*
3   *MC Equities, LLC*, 2012 WL 3778973, *4-*5 (N.D. Ohio Aug. 30, 2012.)
4   (Opposition at 14.)  As argued in the Motion, *Porter* reaches a conclusion directly
5   opposite from this Court's decision, holding that an arbitration agreement which was
6   "silent as to the arbitrability of 'collective claims'" under the FLSA requires
7   arbitration on an individual basis.  That is exactly the issue presented here.
8   Plaintiffs' narrow reading of *Porter* is incorrect, and inconsistent with the decisions
9   of the Supreme Court in *Stolt-Nielsen* and other judges in this district.  *See Lopez v.*
10  *Ace Cash Express, Inc.*, 2012 WL 1655720, *7-*8 (C.D.Cal. May 4, 2012)
11  (applying *Stolt-Nielsen* to order bilateral arbitration and deny class arbitration
12  because arbitration agreement was silent regarding availability of class-wide
13  arbitration).  Because the parties' arbitration agreements do not mention collective
14  actions, *Porter*, *Lopez*, and *Stolt-Nielsen* all demonstrate that substantial grounds for
15  differences of opinion exist on the legal question addressed by this Court's
16  November 8 and December 13, 2012 Orders.

17      Plaintiffs' Opposition likewise does not alter the conclusion that substantial
18  ground for difference of opinion exists because there are no Utah or federal
19  decisions allowing collective arbitration under a contract that expressly prohibits
20  *consolidated* and class arbitrations.  Plaintiffs do not dispute that Utah law expressly
21  permits the enforcement of a prohibition against consolidated arbitration.  Utah
22  Code Ann. § 78B-11-111(3) ("The court may not order consolidation of the claims
23  of a party to an agreement to arbitrate if the agreement prohibits consolidation.").
24  Indeed, Plaintiffs fail to cite any Utah case, which allows a "collective" arbitration
25  to proceed in the face of a contractual prohibition of class and consolidated
26  arbitration.  In fact, none exists.  Nor is there any such federal authority.

27      Plaintiffs' Opposition also fails to persuasively distinguish *Reed v. Florida*
28  *Metropolitan University, Inc.*, 681 F.3d 630, 642-646 (5th Cir. 2012).  (Opposition

*DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CERTIFY INTERLOCUTORY APPEAL*

1  at 15.)  *Reed* holds that when nothing in the contract authorizes class arbitration, the
2  arbitrator simply lacks the authority to conduct a class-wide arbitration.  Put another
3  way, the trier of fact "should not find implied agreements to submit to class
4  arbitration."  *Id*. at 646.  In this case as well, Plaintiffs' arguments rely upon implied
5  agreements which supposedly authorize collective arbitration.  According to *Reed*,
6  this analysis is simply wrong, thus confirming that substantial ground for difference
7  of opinion exists.

8       Plaintiffs also include a lengthy argument concerning the history of the
9  FLSA, pointing out that a "collective" action is essentially a hybrid between a
10  consolidated lawsuit, and a modern class action.  (Opposition at 17-19.)  Far from
11  supporting Plaintiffs' position, this historical account leads to the conclusion that the
12  Court's decision is wrong.  Once the Court acknowledges that the arbitration
13  agreements in question prohibit class and consolidated arbitration (which they
14  clearly do), it makes no sense to conclude that the parties impliedly allowed a hybrid
15  version of the two procedures which are expressly prohibited.  Plaintiffs' argument
16  only serves to confirm that substantial ground for difference of opinion exists.

17       Conspicuously absent from Plaintiffs' Opposition is any mention of the cases
18  cited by this Court in its November 8 and December 13, 2012 Orders to support its
19  conclusion that collective arbitration is required.[4]  As pointed out in the moving
20  papers, substantial ground for difference of opinion exists as to whether these cases
21  support the conclusion that collective arbitration is permitted.  Plaintiffs' failure to
22  even address this issue in the Opposition only bolsters that conclusion.

23

24  _____

25  [4]  These are *Espenscheid v. Direct Sat USA, LLC*, 688 F. 3d 872 (7th Cir. 2012); *Wilkie
     v. Gentiva Health Services, Inc.*, 2010 WL 3703060 (E.D. Cal. Sept. 16, 2010); and
26  *Ferrell v. ConocoPhillips Pipe Line Co.*, 2010 WL 1946896 (C.D. Cal. 2010), which
     the Court cited in its November 8, 2012, Order at page 4, and December 13, 2012,
27  Order at page 5.

28

THEODORA ORINGHER
COUNSELORS AT LAW

**D.     Resolving Whether Litigation Must Proceed On Two Tracks Will Materially Advance The Litigation**

The Opposition misses the point in addressing whether the appeal is likely to materially advance the litigation (the third requirement of Section 1292(b)). Plaintiffs instead focus on the near term future, pointing out that an immediate appeal will delay the *commencement* of arbitration on the merits. The more important point, which Plaintiffs ignore, is that if collective arbitration proceeds, but is not authorized by the contracts, the result will be that the arbitration award(s) must be vacated, and the claims re-arbitrated. *Reed, supra*, 681 F.3d at 642. This would of course create far more delay, and expense, for all parties. *See D'Antuono, supra*, 2011 WL 2222313 at *2 (finding that an interlocutory appeal could materially advance the litigation even though "an appeal now will delay the arbitration," because an appellate decision "may ultimately resolve this case in a manner which places all three Plaintiffs back onto the same track").

Plaintiffs do not dispute the main point asserted by Defendants, which is that it would materially advance the litigation to allow the Ninth Circuit to resolve that issue now, rather than after the parties have spent a substantial amount of time and money on a collective arbitration that results in an invalid award. Plaintiffs bolster this point by disclosing the sums they have paid to initiate multiple arbitration proceedings. That it would make no sense for the parties to invest even more in the arbitration process, only to find that the ensuing awards must be vacated because an arbitrator acted beyond his or her authority, is a position Plaintiffs' counsel agreed with on October 2, 2012 (when he planned to move for interlocutory certification of the Court's September 24 ruling). Specifically, Plaintiffs' counsel stated as follows: "*[I]t would be quicker and more efficient for the parties to obtain a definitive ruling to address these topics prior to conducting myriad individual arbitrations (or even a single consolidated arbitration) that would turn out to have been expensive, time consuming, and ultimately improper.*" (Suppl. Hansen Decl., ¶ 7, Ex. C.)

THEODORA ORINGHER
COUNSELORS AT LAW

1    As explained by the *DeLock* court, in certifying its order compelling
2    arbitration for immediate interlocutory appeal, "[i]f the Court is mistaken about
3    enforceability, then after these twelve guards' claims have been arbitrated
4    individually, and after those awards have been confirmed (or not, as may be), and
5    after the Court of Appeals reverses and returns the case for adjudication as a
6    collective action, the parties will have to start over. *That long road would waste*
7    *everyone's scarce resources.*" 2012 WL 3150391 at *7 (emphasis added).
8        The same is true here. There are now at least 82 separate individual
9    arbitrations, plus the purported collective arbitration consisting of approximately
10   100 individuals, on file with the AAA. Certifying the Court's decision for
11   interlocutory appeal would materially advance the ultimate termination of the
12   litigation, by allowing the Ninth Circuit to decide whether the claimants' FLSA
13   claims should also be decided as part of their pending individual arbitration cases,
14   rather than on two separate tracks.

15   **III.    DEFENDANTS' REQUEST TO CERTIFY AN INTERLOCUTORY**
16         **APPEAL OF THE FAA EXEMPTION ISSUE SHOULD BE GRANTED**

17       Plaintiffs' Opposition does not effectively rebut Defendants' further request,
18   to certify for immediate appeal the Court's September 24, 2012 Order, to the extent
19   it concludes that this Court, rather than the arbitrator, should decide if the present
20   dispute is exempt from arbitration pursuant to Section 1 of the FAA. All that
21   Plaintiffs argue regarding that request is to claim that it is untimely and assert that
22   there are no substantial grounds for difference of opinion. Plaintiffs' untimeliness
23   argument should be rejected, because there was no reason for Defendants to
24   challenge the Court's September 24 decision erroneously finding that it could decide
25   the FAA exemption issue until the Court issued its December 13, 2012 ruling. In its
26   December 13, 2012 Order, this Court – for the very first time – relied on its
27   September 24 ruling as a basis to claim that it did not have to consider any FAA
28   cases, including *Stolt-Nielsen*. As explained in Defendants' moving papers, this

THEODORA ORINGHER
COUNSELORS AT LAW

1  decision is directly contrary to the Court's September 24 decision, which cited

2  numerous FAA cases.  Regardless, the record demonstrates that Defendants

3  promptly sought certification of the FAA ruling after learning that the Court is using

4  that decision as its initial basis for disregarding Supeme Cout precedent.

5        Plaintiffs' second argument also fails.  While Plaintiffs assert that the FAA

6  exemption issue has been definitively resolved by *Van Dusen* and thus is not

7  capable of being disputed, they later acknolwedge (as they must) that the question is

8  still pending before the Ninth Circuit.  (Opposition at p. 22 fn. 4.)  In its ruling, this

9  Court relied on dicta from the Ninth Circuit decision in *In re Van Dusen*, 654 F.3d

10  838 (9th Cir. 2011), which denied the plaintiff's petition for writ of mandate but

11  suggested that the district court may have erred.  Upon remand, the district court in

12  *Van Dusen* certified its decision for interlocutory appeal because it believed its

13  ruling was still correct, and **that appeal remains pending before the Ninth**

14  **Circuit**.[5]  The *Van Dusen* dicta relied upon by this Court is therefore not even

15  controlling in the *Van Dusen* case itself.  Furthermore, the Eighth Circuit issued a

16  decision adopting the same approach as the district court in *Van Dusen*.  *Green v.*

17  *SuperShuttle International, Inc.,* 653 F.3d 766, 769 (8th Cir. 2011).  Accordingly,

18  the issue presented involves substantial grounds for a difference of opinion, and this

19  Court should certify the FAA exemption issue for appeal.

20  **IV.   CONCLUSION**

21        Defendants respectfully request that the Court amend its November 8,

22  December 13, and September 24, 2012 Orders to certify an interlocutory appeal.

23  DATED: January 18, 2013     THEODORA ORINGHER PC

24

25                      BY:  /s/ Drew R. Hansen
                          Drew R. Hansen, Attorneys for Defendants
26

27  _____

28  [5]*Van Dusen v. Swift Transp. Co.*, 2011 WL 3924831, *1-*3 (D. Ariz. Sept. 7, 2011).