UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 12-00886 VAP (OPx)            Date:  March 11, 2013

Title:  CILLUFFO, et al. -v- CENTRAL REFRIGERATED SERVICES, INC., et al.

================================================================

PRESENT:  HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS:  MINUTE ORDER (1) GRANTING DEFENDANTS' EX PARTE APPLICATION FOR RECONSIDERATION, IN PART AND (2) DENYING DEFENDANTS' MOTION TO STAY (IN CHAMBERS)

     Before the Court is an Ex Parte Application for Reconsideration of the Court's March 5, 2013 Order Denying Motion to Stay Arbitration, or, in the Alternative, For a Stay of All Arbitration Proceedings Until a Motion for Reconsideration Can Be Heard on a Regularly Noticed Basis (Doc. No. 95) ("Application"), filed on March 6, 2013 by Defendants Central Refrigerated Service, Inc., Central Leasing, Inc., Jon Isaacson, and Jerry Moyes (collectively, the "Defendants").  Plaintiffs Gabriel Cilluffo, Kevin Shire, and Bryan Ratterree (collectively, the "Plaintiffs") filed their opposition to the Application on March 7, 2013 (Doc. No. 97) ("Opposition").  For the reasons set forth below, the Court GRANTS, in part, Defendants' Application for Reconsideration.

The Court has considered Defendants' Motion to Stay on the merits, and DENIES Defendants' Motion to Stay.

On September 24, 2012, this Court granted Defendants' Motion to Compel Arbitration. (See September 24, 2012 Order (Doc. No. 53) ("Arbitration Order").) The Court found that the Section 1 exemption to the Federal Arbitration Act ("FAA") applied; therefore, the Court refused to compel arbitration under the FAA. (Arbitration Order at 9.) Instead, the Court ordered arbitration under the Utah Uniform Arbitration Act ("UUAA"). (Id. at 14.)

On November 8, 2012, at the request of the parties, the Court issued an order providing clarification of its Arbitration Order. (See November 8, 2012 Order (Doc. No. 61) ("Clarification Order").) In clarifying, the Court stated that (1) Plaintiffs' FLSA claims should be collectively arbitrated while Plaintiffs' forced labor claim should be arbitrated on an individual basis; (2) the statute of limitations is tolled until the stay is lifted; and (3) notices of consent to sue shall be filed with the Court as well as the arbitrator.

On December 13, 2012, the Court issued an order denying Defendants' motion for reconsideration. (See December 13, 2012 Order (Doc. No. 77) ("Reconsideration Order").) Defendants sought reconsideration of the Court's Clarification Order; specifically, Defendants asked the Court to reconsider that portion of the Clarification Order in which the Court compelled arbitration of the FLSA claims on a collective basis, and the forced labor claim on an individual basis. (See Reconsideration Order at 4.) The Court denied reconsideration. (Id. at 7.)

On January 3, 2013, Defendants filed a Motion to Certify Interlocutory Appeal (Doc. No. 82) ("Interlocutory Appeal Motion"), seeking to certify an interlocutory appeal of the Court's Arbitration Order, Clarification Order, and Reconsideration Order. On January 30, 2013, the Court denied Defendants' Interlocutory Appeal Motion. (See January 30, 2012 Order (Doc. No. 89) ("Interlocutory Appeal Order").)

On January 11, 2013, Defendants filed a motion to stay the case pending resolution of Defendants' interlocutory appellate rights (Doc. No. 84) ("Stay Motion"). On March 5, 2013, the Court issued an order denying Defendants' Stay Motion.

(See March 5, 2012 Order (Doc. No. 94) ("Stay Order").) The Court denied the Stay Motion, in part, because Defendants sought to stay the action to pursue a petition for writ of mandamus with the Ninth Circuit. At the time, the Court was not aware that Defendants had filed their petition; therefore, their request to stay was denied as premature. (Stay Order at 3.)

Defendants seek reconsideration of the Court's Stay Order, arguing that they filed their petition on February 25, 2013, prior to the Court's Stay Order. Defendants claim that the Court was provided copies of the petition on February 25 and 26, 2013. (Application at 2.) Therefore, they argue that their Stay Motion was not premature, and that the Court should consider their motion to stay on the merits. (Id.)

As an initial matter, the Court notes that the Stay Motion was filed before the petition was filed with the Ninth Circuit on February 25, 2013. Therefore, at the time the Stay Motion was filed, it was premature. While the Court has not seen a copy of Defendants' petition for writ of mandamus that was lodged with the Court, Defendants have demonstrated sufficiently that they filed their petition on February 25, 2013. (See Ex. 4 to Declaration of Drew R. Hansen (Doc. No. 95-1).) Although the Court still finds that, at the time Defendants filed their Stay Motion, it was premature, the Court will reconsider the Stay Order, and issue a decision on the merits.

In their Stay Motion, Defendants sought to stay this action pending resolution of their writ of mandamus in the Ninth Circuit. The Court has "broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'" Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008). "The factors the Court considers in determining whether a stay pending petition for writ of mandamus is warranted are the same as a stay pending appeal: (1) the likelihood that the party seeking the stay will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay." Citizens for Responsibility and Ethics in Washington v. Cheney, 580 F. Supp. 2d 168, 177 (D.D.C. 2008) (citing Cuomo v. U.S. Nuclear Regulatory Comm'n, 772

F.2d 972, 974 (D.C. Cir. 1985)).

    Defendants repackage the arguments set forth in their Interlocutory Appeal Motion in their Stay Motion in support of the argument that they are likely to succeed on the merits of their petition. In some instances, Defendants repeated their arguments verbatim.[1] The Court has already rejected these arguments in the

---

[1] See, e.g., Interlocutory Appeal Mot. at 11, Stay Mot. at 9 ("The question of whether the parties intended to permit collective arbitration while prohibiting 'consolidated or class arbitrations' is a pure question of law."); Interlocutory Appeal Mot. at 11-12, Stay Mot. at 9 ("turns upon the proper application of Federal and Utah law governing the interpretation of arbitration agreements."); Interlocutory Appeal Mot. at 12, Stay Mot. at 9 ("Under both of these bodies of law, interpretation and application of written arbitration agreements must effectuate the intention of the parties"); Interlocutory Appeal Mot. at 12; Stay Mot. at 10 ("Applying these principles, the Supreme Court in Stolt-Nielsen ruled that parties to an arbitration may not be deemed to have consented to group-wide arbitration simply because, as in the present case, they have not expressly precluded group-wide arbitration in their agreement"); Interlocutory Appeal Mot. at 13, Stay Mot. at 10 ("courts must apply these basic rules of contractual interpretation – a fact this Court recognized in its September 24, 2012 Order); Interlocutory Appeal Mot. at 14; Stay Mot. at 10 ("Utah courts follow the same basic rules of interpretation applied by federal courts under Stolt-Nielsen."); Interlocutory Appeal Mot. at 16, Stay Mot. at 12-13 ("While it is true the parties did not expressly use the term 'collective' in prohibiting group-wide arbitration, it would make no sense for them to include such a prohibition, because, as independent contractors, the only types of group-wide arbitration Plaintiffs could have brought were class actions or consolidated actions."); Interlocutory Appeal Mot. at 16; Stay Mot. at 13 ("The Utah Arbitration Act expressly provides that a contractual prohibition against consolidated arbitration is enforceable."); Interlocutory Appeal Mot. at 16-17; Stay Mot. at 13 ("Given the legal context in which the parties entered into their agreements, their silence regarding collective arbitration cannot logically be deemed consent to the (non-applicable) procedure of collective arbitration of FLSA claims by employees."); Interlocutory Appeal Mot. at 17; Stay

(continued...)

Interlocutory Appeal Order.  (See Interlocutory Appeal Order at 4-7.)  Accordingly, the Court finds that Defendants have not demonstrated a likelihood of success on the merits of their petition.

Defendants further argue that they will be irreparably harmed if the arbitration proceedings go forward because they will be forced to conduct two sets of arbitration proceedings, the arbitration award may eventually be vacated, and the claims would then need to be re-arbitrated on an individual basis.  (Stay Mot. at 6.)  The Court addressed this argument in the Interlocutory Appeal Order, as well, and found that Defendants argument is hypothetical.  (Interlocutory Appeal Order at 8 ("[Defendants' proposed outcome] would require a number of conditions precedent, none of which are a certainty.").)  On the other hand, Plaintiffs would be harmed once again because they would be forced to delay arbitration of their claims.  Accordingly, the Court finds that Defendants have not demonstrated a likelihood of irreparable harm, and the prospect of harm exists for Plaintiffs.

Finally, Defendants argue that the public interest favors a stay here because it will avoid duplicative and unnecessary litigation.  (Stay Mot. at 7.)  Again,

---

[1](...continued)
Mot. at 13 ("Other district judges have reached the opposite conclusion from this Court when analyzing similar contract language."); Interlocutory Appeal Mot. at 17; Stay Mot. at 13 ("there are no Utah or federal decisions allowing collective arbitration under a contract that expressly prohibits consolidated and class arbitrations.  Nor is there any law supporting the creation of a highly inefficient dual-track dispute resolution process.  Regardless, Plaintiffs' collective arbitration is nothing more than a consolidated proceeding, joining individual claims, with perhaps more to be added later." (emphasis omitted)).  Compare, e.g., Interlocutory Appeal Mot. at 15 ("There is no such provision anywhere in the arbitration clauses at issue, let alone a provision that authorizes two parallel proceedings as ordered by this Court.  On the contrary, the arbitration clause expressly prohibits group-wide arbitration in the clearest possible terms: '[N]o consolidated or class arbitrations will be conducted.'") with Stay Mot. at 11 ("On the contrary, the language that was included in the parties' contracts clearly demonstrates that bilateral arbitrations are required.")

Defendants' arguments is based on the hypothetical that the arbitration award is unfavorable to the Defendants, the Defendants will appeal to the Ninth Circuit, and the Ninth Circuit will eventually vacate the arbitration award. This is not sufficient to demonstrate that public interest favors a stay. Moreover, having determined Defendants have not demonstrated a likelihood that they will prevail on the merits in their petition, the Court is not persuaded that the Ninth Circuit will grant mandamus relief and is not persuaded that the Ninth Circuit will vacate an arbitration award, should Defendants hypothetical come to pass. Accordingly, the public interest does not support granting a stay here.

For the reasons set forth above, the Court once again DENIES Defendants' Motion to Stay.

**IT IS SO ORDERED.**