Benjamin Schonbrun, SBN 118323
Michael D. Seplow, SBN 150183
Aidan C. McGlaze, SBN 277270
SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP
11543 W. Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 396-0731
Facsimile: (310) 399-7040

Dan Getman, Esq. (*pro hac vice*)
GETMAN, SWEENEY & DUNN, PLLC
260 Fair Street
Kingston, New York 12401
Telephone: (845) 255-9370
Facsimile: (845) 255-8649
dgetman@getmansweeney.com

Susan Martin (*pro hac vice*)
Jennifer Kroll (*pro hac vice*)
MARTIN & BONNETT, PLLC
4647 N. 32nd St., Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
Facsimile: (602) 240-2345

Edward Tuddenham
228 W. 137th St.
New York, New York 10030
Telephone: (212) 234-5953
Facsimile: (512) 532-7780

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL CILLUFFO, KEVIN SHIRE, and BRYAN RATTERREE individually and behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTRAL REFRIGERATED SERVICES, INC., CENTRAL LEASING, INC., JON ISAACSON, and JERRY MOYES,<br><br>Defendants. | Case No. ED CV 12-00886 VAP (OPx)<br>Honorable Virginia A. Phillips<br><br>**DECLARATION OF DAN GETMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL** |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

I, Dan Getman, declare as follows:

1. I am a partner in the firm of Getman, Sweeney & Dunn, PLLC ("GSD") in Kingston, New York, Plaintiffs' lead counsel herein. GSD is a seven-attorney firm that represents plaintiffs in individual and class-wide violations of federal and state wage-and-hour laws.

2. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

3. I have been the lead attorney primarily responsible for the prosecution of Named Plaintiffs', opt-in Plaintiffs' and Individual Arbitration Claimants' claims against Defendants. I have also been one of the lead attorneys primarily responsible for negotiating the Settlement Agreement executed by the parties as to which Plaintiffs now seek preliminary approval.

4. Attached as Exhibit 1 to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Settlement Approval is a true and correct copy of the parties' fully executed Settlement Agreement, which will be filed under seal.

5. Attached as Exhibit 2 to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Settlement Approval are declarations from settlement class members affirmatively endorsing the incentive awards requested by Plaintiffs' counsel, noting that they would not or could not have taken the time to search for documents and sit for depositions and would not have had the courage to risk retaliation as those who brought the suit and sat for depositions did.

6. Attached as Exhibit 3 to Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Final Settlement Approval are declarations from settlement class members who sat for depositions and for whom Plaintiffs' counsel are seeking service awards, further explaining the considerable investment in time and energy necessary to prepare for the depositions as well as the consuming and complex problems posed by the need to find the ways and means to get to a

1 deposition site in Salt Lake City or other location on a particular day -- logistics that
2 required negotiations with their current employers for time off from work with the
3 associated loss of pay, both of which posed not only financial hardship but genuine
4 risks of retaliation.

5    7.    Attached as Attachment A hereto is a true and correct copy of the Order
6 Granting Petition to Confirm Arbitration Award and For Entry of Judgment from the
7 Superior Court of the State of California, County of Riverside, dated December 16,
8 2016, in the case *Central Refrigerated Service, Inc., et al v. Walter Ellis*.

9    8.    Attached as Attachment B hereto are itemized costs incurred by
10 Plaintiffs' counsel in litigating this case, which will be filed under seal.

11    9.    Attached as Attachment C hereto are time records detailing Plaintiffs'
12 counsel's work litigating this case. Plaintiffs' counsel's time records will be
13 provided in camera, since they contain work-product privileged material.

14    10.    Pursuant to this Court's Order at Doc. 258 preliminarily approving the
15 parties' Settlement Agreement and the parties' proposed method of notice to the
16 Settlement Class members, on December 7, 2017, Settlement Services, Inc., the
17 settlement administrator, sent notices to the class members by email and first class
18 mail.

19    11.    As a result of an error in calculating the individual award for 226 Fund
20 A drivers, Settlement Services, Inc. mailed and e-mailed corrective notices to those
21 individuals on January 30, 2018, pursuant to the Court's Order at Doc 271.

22    12.    As of February 15, 2018, the settlement administrator has reported as
23 follows:

24      Notices Mailed: 3,348
25      Notices Returned as Undeliverable: 1,086
26        Traced, Notices Re-mailed: 1,006
27        Trace Unsuccessful: 80
28        Trace Pending: 0

       Total Corrective Notices mailed per Order of Jan. 22, Doc 221: 226
       Fund B Claim Forms Received: 253
       Fund A Opt-outs Received: 0
       Objections Received: 0
       Correspondence from Beneficiary of Deceased Class Member: 8
       Total Funds Claimed from Fund B: ███
       Notice Mailing Date: 12/7/2017
       Postmark Deadline: 3/7/2018

13. Two non-party individuals have indicated that they may attempt to be heard in these proceedings in opposition to the settlement.

14. The first individual is Walter Ellis. Mr. Ellis did not opt-in to the collective action. However, with representation by the undersigned counsel, Mr. Ellis filed an individual arbitration against Defendants. Apparently in concert with, or advice from a layperson - Mr. Randall Pittman (who is discussed further below), Mr. Ellis discharged Plaintiffs' counsel and pursued his own individual arbitration against Defendants, which he then lost.

15. That arbitration is now final and the arbitration award was confirmed by the Superior Court of the State of California, County of Riverside, dated December 16, 2016. See Attachment A hereto. Plaintiffs understand that no appeal was taken from that judgment which is now final.

16. The second individual is Randall Pittman. Mr. Pittman is not an attorney and has never worked for Central Refrigerated or any of the other Defendants. Because this is a wage-hour and forced labor case, and because all claims herein are predicated on the actual performance of work benefitting Central Refrigerated, Mr. Pittman has no claims against Central Refrigerated of any of the other Defendants related to this action.

17. Mr. Pittman has represented to the parties that his interest in this matter is based on a claimed past denial of his application to work for Central Refrigerated.

18. Plaintiffs' counsel regularly hears from individuals who call to learn of their rights, but who ultimately do not step forward to assert them, due to fear of long-term consequences in publicly suing one's employer.

19. In this case, the stark power differential between the individual and corporate defendants and the mostly high-school educated truckers was extreme. For individuals to step forward, to sit for deposition, to challenge the practices which have dominated the trucking industry for the last 20 years, has taken immense courage. And the very act of sitting for depositions was upsetting in the extreme. Some truckers were in tears during and after their depositions.

20. In litigating this case, Plaintiffs' counsel made great efforts to ensure that work was not duplicated, including making sure that only one attorney was drafting or reviewing a document at a time, and that tasks like depositions were staffed with one attorney whenever possible.

21. More than one attorney worked on a task only when Plaintiffs' counsel felt it was warranted.

22. Due to the class waiver in Defendants' arbitration agreements, Plaintiffs were required to litigate many of these claims individually, making some duplication of tasks unavoidable through no fault of Plaintiffs' counsel (e.g., drafting and filing separate motions on whether the Employment Rules or the Commercial Rules applied in each individual arbitration; engaging in discovery, including depositions, for each individual arbitrant rather than a representative group).

23. Because the fairness petition was first made in 2017 and because Plaintiffs' are submitting a fee application based on a percentage of the fund method, Plaintiffs are submitting their lodestar cross-check information upon their 2017 rates. To date, Getman, Sweeney & Dunn has incurred approximately ▇▇▇▇ in fees and costs. We have spent approximately ▇▇ hours litigating this case resulting in total fees of ▇▇▇▇ to date. We have also

4

1  incurred ▮▮▮▮▮ in costs (see Attachment B hereto). Plaintiffs' counsel's work
2  is detailed in the time records Plaintiffs' counsel has provided for in camera review
3  (see Attachment C). All work performed and costs incurred were reasonable and
4  necessary for the prosecution of this case.

5  24. The hours, rates and lodestars to date of the individuals who have
6  worked on this case are summarized below.

|  | **Hours** | **Rate** | **Lodestar** |
|---|---|---|---|
| Dan Getman (Partner) | ▮ | $785 | ▮ |
| Michael Sweeney (Partner) | ▮ | $670 | ▮ |
| Matt Dunn (Partner) | ▮ | $580 | ▮ |
| Lesley Tse (Associate) | ▮ | $455 | ▮ |
| Artemio Guerra (Associate) | ▮ | $385 | ▮ |
| Carol Richman (Associate) | ▮ | $455 | ▮ |
| Diana Marin (Associate) | ▮ | $345 | ▮ |
| Kimberly Webster (Associate) | ▮ | $325 | ▮ |
| Alex Dumas (Associate) | ▮ | $295 | ▮ |
| Michael Russo (Data Analyst) | ▮ | $275 | ▮ |
| Jason Kandel (Data Analyst) | ▮ | $230 | ▮ |
| Paralegals | ▮ | $190 | ▮ |
| Total | ▮ |  | ▮ |

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

5

1  Executed this 26th day of February, 2018
2  Kingston, New York.
3
4                                             */s/ Dan Getman*
5                                             Dan Getman
   Getman, Sweeney & Dunn, PLLC
6  260 Fair Street
   Kingston, NY 12401
7  (845) 255-937
8  dgetman@getmansweeney.com
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6